IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JOSHUA P. SMITH, | CV 24-41-BU-DWM |
| Plaintiff, | |
| vs. | ORDER |
| THOMAS SLEASE, | |
| Defendants. | |

On June 7, 2024, Plaintiff Joshua P. Smith filed a 42 U.S.C. § 1983 Complaint. (Doc. 2.) The Complaint as drafted fails to state a claim. This action is not proper for federal intervention. The Complaint is dismissed.

## I. STATEMENT OF THE CASE

### A. Parties

Smith names Thomas Slease of the Montana Division of Criminal Investigation as the sole defendant. (Doc. 2 at 2.) Slease is named in his official capacity.

### B. Allegations

Smith identifies his claim as an Eighth Amendment claim, however that is not accurate. (Doc. 2 at 3.) Smith alleges that Slease lied on court documents in September and October of 2023, stating incorrectly that Smith had a 2018 felony

1

conviction in Texas. (Doc. 2 at 4.) Smith characterizes this false statement as slander. (Doc. 2 at 5.) Smith has attached to his Complaint a copy of an application for a search warrant signed by Slease that includes the statement that Smith had a 2018 felony conviction. (Doc. 2-1 at 4.)

Smith seeks money damages and injunctive relief in the form of the charges against him being dropped. (Doc. 2 at 5.)

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Smith is a pretrial detainee proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint

"that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### A. SLANDER

Smith's allegations regarding the falsehood of Slease's statement doa not state a cognizable claim for relief. Smith does not allege that Slease's actions violated a right "protected by the Constitution or created by a federal statute." *Id.* Slander is a form of speech that is excepted from the First Amendment protections of the Constitution, in certain instances, but freedom from slander is itself not protected by it. *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation.").

Slander is generally considered a cause of action that arises under state law, as it does in Montana. Mont. Code Ann. § 27-1-801 et seq. As such, it is not a

federal claim that can, solely, sustain a § 1983 action. While it is possible to state a "defamation-plus" claim under Section 1983, such a claim requires that a plaintiff either "(1) allege that the injury to reputation was *inflicted in connection* with a federally protected right; or (2) allege that the injury to reputation *caused the denial* of a federally protected right." *Herb-Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 645 (9th Cir. 1999) (emphasis in original). Smith may be able to allege something of a "plus" in this circumstance, but he has not done so. He also implies that he suffered no damages and was able to remedy the error when he states, "It could have got me more time if I hadn't reached out." (Doc. 2 at 5.) As drafted, Smith's Complaint fails to state a claim for federal relief.

### B. ABSTENTION

Even if Smith could state a defamation-plus claim, the Court will not hear it. The implication of a mistaken assertion of a prior felony conviction in a search warrant is whether the falsehood undermined the probable cause on which the warrant was obtained. That issue is part of Smith's ongoing state criminal case, however, and not a proper issue for this Court's consideration.

There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), *cert. denied* 391 U.S. 917 (1968). *Younger* directs

federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). Federal courts may raise the issue of *Younger* abstention *sua sponte*. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)); *see also San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n. 5 (9th Cir. 1998) (noting that the district and appellate courts can raise the issue *sua sponte*).

"Abstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018) (*quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)). If these "threshold elements" are met, then the Court must "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *ReadyLink*, 754 F.3d at 759 citing *Gilbertson*, 381 F.3d at 978, 983–84.

6

Here, the "threshold elements" of *Younger* are present. First, Smith seeks dismissal of ongoing criminal proceedings against him. State proceedings are criminal enforcement actions that implicate an important state interest to enforce the local and state laws. *See Younger*, 401 U.S. at 43-44. The State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of Montana. This Court may not interfere with those interests when the prosecutorial process is ongoing.

Smith will have an adequate opportunity in the state district court to raise any issues he has regarding his federal rights. "[T]he threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 46. Smith has opportunities under Montana law to address any alleged violations of his federal rights relative to his prosecution, such as an invalid search warrant.

"*Younger* abstention is proper only when the federal relief sought would interfere in some manner in the state court litigation." *Meredith v. Oregon*, 321 F.3d 807, 816–17 (9th Cir. 2003). Here, a determination regarding Smith's ongoing state prosecution would have the effect of interfering with the "state courts' ability to enforce constitutional principles and put the federal court in the position of making a premature ruling on a matter of constitutional law."

*Gilbertson*, 381 F.3d at 984. To rule on Smith's Complaint in these circumstances would impermissibly risk interfering with the State of Montana's administration of its judicial system.

If all four prongs of the *Younger* test are satisfied, then the Court must abstain from adjudicating Smith's claims. Absent exceptional circumstances, district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id.* (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)). Smith has not alleged an exceptional circumstance sufficient to avoid abstention.

If abstention is appropriate under *Younger* and the federal plaintiff seeks injunctive or declaratory relief the proper procedural remedy is dismissal of the federal action. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007). The Court concludes that abstention is proper, and Smith's Complaint must be dismissed.

### III. CONCLUSION

The Court has screened Smith's Complaint and determined that it fails to state a claim and that the Court must abstain. Accordingly, IT IS ORDERED that:

1. Smith's Complaint is DISMISSED. The Clerk of Court is directed to enter judgment in this matter according to Fed. R. Civ. P. 58. This dismissal is without prejudice to a future filing based on the same events.

2. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 30 day of July, 2024.

_____
Donald W. Molloy, District Judge
United States District Court